# Wilfred R. Wheeler v. State of Vermont

[ 253 A.2d 136 ]

February Term, 1969

Present: **Holden, C.J., Shangraw, Barney and Keyser, JJ.**

Opinion Filed April 4, 1969

*Downs & Rachlin* and *Laurence F. Gardner, Esq.,* for the Plaintiff.

*James M. Jeffords,* Attorney General, and *Jonathan N. Brownell, Esq.,* for the State.

**Per Curiam.** An amendment to the Vermont income tax laws prompted a retesting of the issue settled in *Wheeler* v. *State,* 127 Vt. 361, 249 A.2d 887. That case validated the application of progressive tax rates, based on the total taxable earnings, to income earned in Vermont by a non-resident taxpayer. The present case, raising the identical question under the new law, has followed the prescribed route from the initial appeal to the tax commissioner through the county court to this tribunal.

By No. 121 of the Public Acts of 1967 the Vermont income tax law adopted the Federal progressive rates by providing for an income tax, in the usual case, computed as 25% of the Federal income tax liability. This substitution of the Federal progressive for the former Vermont rate schedule was the substantive change in the law. Many details of the various statutory provisions required verbal adjustment,

but the provisions applicable to the impact of progressive tax rates on non-resident taxpayers remained the same.

The definition of "adjusted gross income," 32 V.S.A. §5811(1) in the 1966 law, retains that number and is altered only in that the former exclusions which differentiated it from the comparable Federal definition are now removed. These exclusions were not at issue in the first *Wheeler* case, and are not at issue here.

The definition of "Vermont derived income," 32 V.S.A. §5811(17) under the 1966 law, has become 32 V.S.A. §5823(b) of the new law with slight alteration in language of no consequence to this case.

"Vermont taxable income" under 32 V.S.A. §5811 (19) of the 1966 law is no longer separately defined, since the exclusions it contained are now eliminated or encompassed in the present 32 V.S.A. §5823(b). There are no changes affecting the issue here.

Since the new enactment bases the Vermont tax directly upon the "Federal income tax liability," 32 V.S.A. §5811(4), the separate definition of "taxable income under the laws of the United States" has no separate utility and the definition in 32 V.S.A. §5811(13) of the 1966 law required no counterpart in the new act. Again, this does not affect the issues here.

The provisions of the 1966 law, 32 V.S.A. §5826, as such, have been repealed, since Vermont has adopted the Federal exemptions by basing its tax on the Federal income tax liability under 32 V.S.A. §5811(4) The old §5826 has been replaced by the provisons relative to reciprocity to avoid double taxation formerly found in 32 V.S.A. §5825 of the 1966 law.

The computation of the 1966 tax was governed by 32 V.S.A. §5822 as it then stood, which contained the schedule for the progression of the then tax rates. This section was, at the time, supplemented by 32 V.S.A. §5823 relating to the reduction of taxes on nonresidents. The new taxing provision is in present 32 V.S.A. §5822, which reads as follows:

A tax is imposed for each calendar year or fiscal year ending during that calendar year upon the Vermont income earned or received in that taxable year by every individual, estate and trust. The amount of this tax shall be measured by 25% of the Federal income tax liability of the taxpayer for the taxable year, reduced by a percentage equal to the percentage of the taxpayer's adjusted gross income for the taxable year which is not Vermont income.

As can be seen from its language, this section both determines the tax and provides for its application to nonresidents who have non-Vermont income. The plaintiff in this case had such income in the taxable year 1968, just as he did in the former case. According to the findings, 30% of this taxpayer's 1968 income was earned in Vermont, amounting to $2,765.59 out of his total earnings of $9,219.00. His liability to Vermont was computed first as 25% of his Federal tax, then reduced again by 70%, corresponding with the share of his income not earned in Vermont. His Vermont tax was $106.00.

The issue is the identical one raised in *Wheeler* v. *State, supra,* 127 Vt. 361, 249 A.2d 887. It is stated by both parties as:

Does the Constitution of the United States bar a State from imposing an effective graduated income tax on nonresidents which, for the purpose of applying the effective graduated rates to which residents are subject, takes into account the nonresident's total net income from all sources, and then reduces the tax by the ratio of in-state income to total income?

The plaintiff taxpayer again illustrates the nature of his complaint by a computation which he advances as the constitutionally proper procedure. He applies to his Vermont derived income a deduction figure amounting to 30% of his total deductions, arriving at a taxable Vermont income. He then computes the applicable Federal tax on that income and presents 25% of that as his proper Vermont tax. His computation is as follows:

| Appellant's Vermont Derived Income: | $2,766.00 |
|---|---|
| 30% of deductions: ($921.00) | 307.00 |
| 30% of exemptions: ($1,200.00) | 400.00 |
| Taxable Vermont Income: | $2,059.00 |
| Applicable Federal Tax: | 319.00 |
| Vermont Measure of Tax: | x 25% |
| Adjusted Vermont Tax: | $79.75 |

Thus, there is again before us, although in the contex of a statute amended in particulars not varying the application of the doctrine, the issue of measuring the level of progressive tax rates by total income, although imposing those rates only on Vermont earned income. The tax commissioner and the lower court found no justification for departing from the results in *Wheeler* v. *State, supra,* 127 Vt. 361, 249 A.2d 887.

We are in agreement that the same results follow in the present case as did in that. The constitutional arguments raised in the first *Wheeler* case are exactly applicable here and require the same result. No error appears.

*Judgment affirmed.*

**Smith, J.,** due to illness, did not sit in this case.